IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PARIS SCHOOL DISTRICT                                                           PLAINTIFF

v.                                          No. 2:15-CV-02197

A.H., by and through her parent
CYNDI HARTER                                        DEFENDANT/THIRD-PARTY PLAINTIFF

v.

R. WAYNE FAWCETT, Individually and
in his official capacity as Superintendent;
and MELISSA HANEY, Individually and
in her official capacity as Director of
Special Education                                                THIRD-PARTY DEFENDANTS

## SEVERANCE ORDER

At a telephonic status conference conducted by the Court on July 8, 2016, the Court proposed severance of the Individuals with Disabilities in Education Act ("IDEA") claims from the remainder of the claims in this case, and counsel for the parties agreed. The Court may "sever any claim against a party." Fed. R. Civ. P. 21. "When a single claim is severed from a lawsuit, it proceeds as a discrete, independent action . . . ." *E.S. v. Independent School District, No. 196 Rosemount-Apple Valley*, 135 F.3d 556, 568 (8th Cir. 1998).

Severance in this case will benefit the Court and the parties. The IDEA claims are Paris School District's administrative appeal and Cyndi Harter's counterclaim under the IDEA and for attorney's fees, all of which are issues for the Court to resolve, and which do not involve the potential individual liability of third-party defendants R. Wayne Fawcett or Melissa Haney. *See Bradley v. Arkansas Department of Education*, 301 F.3d 952, 956–57 (8th Cir. 2002) (holding state officials are entitled to qualified immunity on IDEA claims because compensatory and punitive damages are not available under IDEA); *c.f. Elder-Keep v. Aksamit*, 460 F.3d 979, 986

(8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."). The remaining claims include several causes of action that, depending on the resolution of a pending motion for summary judgment, will be tried to a jury. Severance of the administrative review from the jury claims should simplify this dispute.

The Court will also direct the Clerk to restyle this case. Paris School District named the defendant in its initial action as "A.H., *by and through her parent,* C.H." (Doc. 3). However, the record and order from the administrative action make clear that the appropriate defendant most likely is Cyndi Harter, and the complaint itself alleges that the hearing officer's decisions were "in favor of C.H." (Doc. 3, ¶ 7). Because Cyndi Harter filed the third-party complaint (Doc. 6), it is clear that she has received notice and is already involved in this action.

IT IS THEREFORE ORDERED that the non-IDEA claims in this lawsuit are severed. Case number 2:15-CV-02197 will continue as Paris School District's initially-filed IDEA action and Cyndi Harter's counterclaim against Paris School District for fees and costs. The Clerk is directed to restyle this action as "Paris School District v. Cyndi Harter, *as parent of A.H.*" The Clerk is directed to terminate A.H., R. Wayne Fawcett, and Melissa Haney as parties to this action.

IT IS FURTHER ORDERED that the non-IDEA claims shall proceed as a separate action. The Clerk is directed to open a new civil action, and to file this order in both actions. The new action will be styled as "Cyndi Harter, *Individually, and as Next Friend of A.* v. Paris School District; R. Wayne Fawcett, *Individually and in his official capacity as Superintendent*; and Melissa Haney, *Individually and in her official capacity as Director of Special Education*." All docket entries in Case Number 2:15-CV-02197, with the exception of the administrative record (Docs. 29–40) in the IDEA action, should be copied over to the new action, and motions currently pending should remain pending in the new action.

IT IS SO ORDERED this 13th day of July, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE